UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-4033 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael S. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Defendant," or the "Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 11],[1] the Commissioner's motion is denied [dkt. 19], and the case is remanded for further proceedings consistent with this opinion.

**STATEMENT**

**I.  Background**

On August 13, 2009, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), alleging disability due to normal pressure hydrocephalus[2] and an array of cognitive impairments, including memory loss, depression, and attention deficit disorder.[3] (R. 1033.) After his claim was denied at all stages of the administrative

---

[1] Plaintiff field a Memorandum in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 11] which this Court construes as a motion for summary judgment.

[2] Normal-pressure hydrocephalus is a condition marked by dilation of the cerebral ventricles due to excess spinal fluid; the condition is often associated with dementia, ataxia (failure of muscle coordination), and urinary incontinence. *Dorland's,* http://www.dorlands.com//def.jsp?id=100050296; https://www.dorlands.com//def.jsp?id=100009861 (last visited January 23, 2017.)

[3] The Court will not belabor the factual background of this case here, as it has already been extensively documented in the prior opinions of both Judge Shadur and this Court. (R. 1032-50; 1412-40.) The Court will only focus on the factual

process, Plaintiff appealed to this Court. On January 14, 2014, District Court Judge Milton Shadur vacated the Commissioner's decision and remanded Plaintiff's matter to the Commissioner for new proceedings. (R. 1031-50; *see Schlattman v. Colvin*, 2014 WL 185009 (N.D. Ill. January 14, 2014).

The Social Security Appeals Council remanded the case for further proceedings pursuant to the District Court's Order, after which a new Administrative Law Judge ("the ALJ") received additional evidence and held a new hearing on November 13, 2014. (911-94, 1057.) On December 9, 2014, the ALJ issued a new denial of Plaintiff's claim, finding that, although Plaintiff's impairments left him unable to perform his prior work as a product manager, he was not under a disability as defined by the Social Security Act. (R. 860-82.) Plaintiff appealed that decision, and this Court affirmed the ALJ's decision. (R. 1412-29.) The Plaintiff then filed an appeal of this Court's decision to the Seventh Circuit Court of Appeals; the parties initiated a Joint Motion to Remand the case back to this Court and then filed motion to vacate the Court's previous order and remand the case for further administrative proceedings, which the Court granted. (R. 1459-60.) In the order remanding the case, this Court stated that:

> In accordance with the district court order, upon remand the ALJ will thoroughly assess and weigh the opinions of state agency psychologists, Dr. Hersmeyer and Taylor, both of whom limited the claimant to one-and-two step tasks. In this regard, the ALJ will obtain testimony from a mental health expert to better assess their opinions and limitations regarding one-and-two step tasks…If the ALJ rejects the opinions provided by the state agency psychologists, he/she will provide a thorough and appropriate explanation for doing so, based upon citations to specific medical evidence noted in the record, as well as in accordance with agency rules and regulations.

(*Id.*)

On remand, a supplemental hearing was held on December 7, 2018, at which a Medical Expert ("ME"), Dr. Judith Dygdon, Ph. D., and a Vocational Expert ("VE") testified. (R. 1299-1359.) On

---

and procedural background necessary to reach a decision on the issues currently before it.

March 1, 2019, ALJ Edward Studzinski (the "ALJ") issued an opinion finding that Plaintiff was not disabled. (R. 1266-89.) The Appeals Council did not assume jurisdiction, making the ALJ's decision the final decision of the Commissioner. 20 C.F.R § 404.984. Plaintiff appealed the ALJ's decision to this Court on June 17, 2019. (Dkt. 1.)

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of July 31, 2009, through his date last insured of December 31, 2014. (R. 1269.) At Step Two, the ALJ found that Plaintiff had the severe impairments of normal pressure hydrocephalus, status post shunt replacement, sleep apnea, cognitive disorder NOS, and attention deficit hyperactivity disorder. (*Id.*) At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 1270.) Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[4] to perform light work at all exertional levels with the following non-exertional limitations: no hazardous environments (*i.e.*, no driving at work, operating moving machinery, unprotected heights, balancing, climbing ladders/ropes or scaffolds, no exposed flames, no unguarded large bodies of water); no concentrated exposure to unguarded hazardous machinery (*e.g.*, press punch and large robotic machinery); limited to work involving no more than simple decision-making -- he can choose among a limited number of anticipated options, but is unable to devise creative solutions to novel situations; no more than occasional and minor changes in the work setting in terms of workplace, processes, or products; limited to work requiring the exercise of only simple judgment; "he is better with the concrete rather than the abstract and better dealing things (sic) rather than people;" able to tolerate average production rates, but unable to tolerate above average or highly variable production rates; precluded from work

---

[4] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

involving direct pubic service in person or over the phone, but can tolerate brief and superficial interaction with the public, which is incidental to his primary job duties; unable to perform work involving detailed and rapid communication; and limited to brief and superficial interaction with co-workers and supervisors, but unable to perform teamwork or tandem tasks. (R. 1272-73.) At Step Four, the ALJ determined that Plaintiff was incapable of performing his past relevant as a project manager. (R. 1286.) At Step Five, the ALJ found that there was work existing in significant numbers in the national economy Plaintiff could perform, considering his age, education, work experience, and residual functional capacity. (R. 1287.) Because of these determinations, the ALJ found Plaintiff not disabled under the Act. (*Id*.)

In making these findings, the ALJ "expressly reject[ed] that the claimant should be limited to one-to-two step tasks based on the overall evidence, including [Dr. Dygdon's and the VE's testimony]." (R. 1282.) As noted above, both Dr. Hersmeyer and Dr. Taylor (State Agency psychologists) opined that Plaintiff was limited to one-to-two step tasks. When the ALJ questioned Dr. Dygdon whether such a finding was appropriate during the time that Drs. Hersmeyer and Taylor evaluated Plaintiff, Dr. Dygdon testified that she believed those limitations were "certainly appropriate." (R. 1337.) When the ALJ followed up with a question of what a one-to-two step task was "as far as mental health professionals are concerned," Dr. Dygdon noted that the phrase was more vocational than psychological, but reiterated that limiting Plaintiff to one-to-two step tasks "was certainly an appropriate recommendation." (R. 1338.) Apparently having not received an answer he liked to the question, the ALJ chose to "just be upfront" and stated that his "difficulty with the term one, or two-step tasks is that I don't understand what a task is. What a step is." (*Id*.) As an example, he noted that brain surgery could be described as a one-step task (*i.e.*, "cure the patient"). (*Id*.) Following the ALJ's exposition, no question was posed to the ME, but Dr. Dygdon caught on and said "I agree with you, your honor…it is dependent upon how plainly one chooses to describe the

tasks involved." (*Id.*) The ALJ then continued that he found it "troublesome that the State Agency physicians, it's not the first time I've seen them describe one, or two-step tasks" because he was "not aware of what in policy, or law, they are referring to." (R. 1338-39.)

When the ALJ asked the VE for a definition of a step, the VE said it is "just as difficult in the vocational world, as it is again, the rest of the world." (R. 1345.) The ALJ again asked where the State Agency psychologists "are pulling it from" and the VE testified that "it's not anywhere in any policy that I'm aware of, in terms of how a step is defined." (*Id.*) Plaintiff's attorney suggested it might be from the Dictionary of Occupational Titles ("DOT"), Appendix C, which defines "01-Level Reasoning" positions as being able to carry out one-to-two step instructions, but the VE interjected that steps of a job and steps of instructions were distinct concepts. (R. 1346.)

## II. Standard of Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but]

the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007). "An ALJ has a duty to fully develop the record before drawing any conclusions…and must adequately articulate his analysis so that we can follow his reasoning." *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

### III. The ALJ Failed to Build an Accurate and Logical Bridge to Support his Rejection of the State Agency Psychologists' Limitation to One-to-Two Step Tasks

The ALJ failed to build an accurate and logical bridge between his conclusion that Plaintiff should not be limited to one-to-two step tasks and the evidence in the record. The fatal flaw apparent in both the ALJ's opinion and the hearing transcript is that the ALJ did not heed the guidance from Judge Shadur in his 2014 opinion. As Judge Shadur wrote:

> [T]here is a significant difference between one- to two-step tasks and simple, routine, repetitive tasks. One- to two-step tasks function as a term of art in the Social Security context: Thus the Department of Labor's Dictionary of Occupational Titles ("DOT") defines a Reasoning Development Level of 1 as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" (1991 WL 688702). As *Wiszowaty v. Astrue*, 861 F.Supp.2d 924, 947 (N.D. Ind. 2012) recently noted, collecting cases: "Although the Seventh Circuit has not addressed the issue, several courts, including this Court recently, have concluded that a limitation to one- to two-step tasks is consistent with GED Reasoning Development Level 1." What little appellate caselaw exists tends to support that understanding (*see, e.g. Segura v. Barnhart*, 148 Fed.Appx. 707, 711 (10th Cir. 2005)).

As such, Judge Shadur had already defined the concept of one-to-two step tasks for the ALJ.[5] Despite claiming he was "not aware of what in policy, or law, they are referring to" when the State Agency psychologists limited Plaintiff to one-to-two step tasks, the ALJ needed look no further than this case and the opinions already issued by this Court for this very Plaintiff to find the policy or law that was applicable. For the purposes of this case, one-to-two step tasks is equivalent with Reasoning Development Level 1, as defined in the DOT.[6]

Of course, the ALJ was free to reject the opinions of Dr. Hersmeyer and Dr. Taylor that Plaintiff was limited to one-to-two step tasks; the remand order issued by this Court obviously contemplated that possibility. However, if the ALJ was going to do so, he had to "provide a thorough and appropriate explanation form doing so." (R. 1460.) While the ALJ's opinion was certainly thorough, his explanation for rejecting those opinions was not appropriate. Much of the ALJ's decision appeared driven by his confusion over the definition of one-to-two step tasks and his repeated statements that he was unaware of any definition of that term. Again, that term had already been defined for the ALJ by Judge Shadur; a limitation of one-to-two step tasks (if substantiated) would necessarily limit Plaintiff to Reasoning Level 1 jobs.

The testimony at the supplemental hearing that the ALJ relied on to reject the opinions of Dr. Hersmeyer and Dr. Taylor was either legally incorrect or contradicted the ALJ's conclusion. The VE's testimony was plainly wrong; it ignored Judge Shadur's prior ruling in this case. There is no difference between "tasks" and "instructions" per Judge Shadur's order, and the VE's semantic

---

[5] The Court recognizes that there is not consensus among the judges in this district on this issue. *See, e.g.*, *Mendel R. v. Berryhill*, 2019 WL 1858510, at *6-7 (N.D. Ill. Apr. 25, 2019). Nonetheless, this is the ruling that Judge Shadur made in this matter, and it stands as the law of the case.

[6] Although it is the law of the case that one-to-step tasks is equivalent to Reasoning Development Level 1, as defined in the DOT, Plaintiff is incorrect that "the initial decision from this Court in 2014 found that a limitation to one to two step tasks limited [Plaintiff] to Reasoning Level One jobs." [Dkt. 11 at 9.] Judge Shadur made no such finding with regards to Plaintiff. In fact, Judge Shadur remanded the case for further administrative proceeding precisely to discuss the effect such a limitation would have on Plaintiff; he did not make any findings that Plaintiff was, in fact, so limited.

7

argument should have been rejected by the ALJ. Instead, ALJ ignored Plaintiff's counsel's astute and correct citation to the DOT Appendix, and relied on the VE's faulty testimony to find that Plaintiff should not be limited to one-to-two step tasks.

Furthermore, the ME's testimony does not support the ALJ's conclusion. The ME clearly testified *twice* that the limitation found by Dr. Hersmeyer and Dr. Taylor to one-to-two step tasks was appropriate. She never testified otherwise; she only testified that one-to-two step tasks was more of a vocational term than a psychological term and was difficult to define. However, this point was renedered moot by Judge Shadur's prior opinion, and the ALJ and ME should have applied this definition in their testimony and analysis. The Court does not understand how the ALJ could properly rely on the ME's testimony to reject the one-to-two step task limitation, when the ME testified that it was, in fact, a well-founded and appropriate limitation. In short, the portion of the proverbial bridge from the testimony of the ME and the VE to the ALJ's conclusion was not accurate, and requires remand.

The other reason cited in the ALJ's opinion for rejecting the one-to-two step task limitation was a general reference to his explanation in finding that Plaintiff did not satisfy the so-called Paragraph B criteria related to mental impairments. However, the ALJ did not explain how Plaintiff's ability to complete the tasks he relied on to conclude that Plaintiff did not meet the Paragraph B criteria (*e.g.*, driving a car, helping with a bowling league, going to church, helping his friend remodel a bathroom, mowing the lawn, and caring for his special needs daughter) grafts onto Reasoning Level 1 jobs. The question the ALJ was tasked with answering is whether a person who could only perform the jobs listed as Reasoning Level 1 jobs in the DOT (*i.e.*, jobs that limited the employee to one-to-step instructions or tasks) would be able to complete the tasks listed above. It is not enough to simply state that the tasks above require more than one-to-two steps. Even assuming that ALJ is correct, the ALJ must take the next logical step which is to examine how those tasks compare with jobs with

8

Reasoning Level 1 designations. If an individual limited to Reasoning Level 1 jobs would be unable to drive a car or mow the lawn, then Plaintiff's ability to perform those tasks would indicate that he is capable of performing higher level reasoning positions, and, therefore, is not appropriately limited to one-to-two step tasks. Conversely, if an individual limited to Reasoning Level 1 jobs would be able drive a car or mow the lawn, then Plaintiff's ability to perform those tasks would not necessarily support that he is capable of performing higher level reasoning positions. Unfortunately for the Court, the ALJ did not draw this connection and the Court is left to guess how the aforementioned daily tasks related to a Reasoning Level 1 individual. Therefore, the ALJ failed to build a logical bridge from the evidence to the conclusion, and the Court believes remand is appropriate.[7]

## CONCLUSION

For the following reasons, Plaintiff's motion is granted [dkt. 11], the Commissioner's motion is denied [dkt. 19], and the case is remanded for further proceedings consistent with this opinion.

**ENTERED: 07/20/2020**

_____
Susan E. Cox,
United States Magistrate Judge

---

[7] At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff.